**In re Ronald McCONNAUGHEY and Diana Jean McConnaughey, Debtors.**

**Bankruptcy No. 3–91–00786.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 3, 1992.

Brian C. Petroziello, Dayton, Ohio, for Debtors.

Janet R. Becht, Troy, Ohio, for Lydia Callison, Miami County Treasurer.

George W. Ledford, chapter 13 trustee, Englewood, Ohio.

DECISION AND ORDER DENYING DEBTORS' OBJECTION TO CLAIM OF MIAMI COUNTY TREASURER; ORDER ALLOWING CLAIM OF MIAMI COUNTY TREASURER AS SECURED CLAIM

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is the debtors' objection to the allowance of the claim of the Miami

County Treasurer for real estate taxes. The court has jurisdiction by virtue of 28 U.S.C. § 1334 and the standing order of reference in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B)—allowance or disallowance of claims against the estate.

## FACTS

1) During 1984 the debtors, Ronald McConnaughey and Diana Jean McConnaughey, filed a petition in bankruptcy under chapter 13 of the Bankruptcy Code;

2) The debtors' 1984 case was dismissed on December 18, 1990, for failure to complete the chapter 13 plan within five years;

3) On February 19, 1991, the debtors filed the instant bankruptcy case under chapter 13 of the Bankruptcy Code;

4) The Miami County Treasurer for Miami County, Ohio, has filed a proof of claim for prepetition real estate taxes in the amount of $5,598.67 for tax years beginning in 1983.[1]

The debtors object to the allowance of Miami County's claim as a secured claim on the grounds that 1) the automatic stay of § 362 in the debtors' *previous* chapter 13 case prevented the creation of any tax liens upon the debtor's real estate during the administration of the previous chapter 13 case, and 2) the perfection of any tax lien after the dismissal of the first chapter 13 case is avoidable as a preferential transfer under § 547 of the Bankruptcy Code because the second bankruptcy petition was filed within ninety days of any perfection of Miami County's tax lien.

## CONCLUSIONS OF LAW

■ Initially, the court finds that the allowed amount of the Miami County Treasurer's claim for real estate taxes is $5,598.67 as set forth in the Treasurer's proof of claim. A proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim, Fed.R.Bankr.P. 3001(f), and the debtors have offered no evidence to dispute the amount of the submitted claim.

■ Under Ohio law, a lien for taxes levied on a real property tax list attaches to all real property subject to such taxes on the first of January of each tax year and continues until such taxes (including penalties, interest, or other charges) are paid. Ohio Rev.Code § 323.11. As such, Ohio tax liens for real estate taxes arise automatically by operation of law. Nevertheless, the debtors contend that the taxes which arose subsequent to and during their first chapter 13 case, i.e. postpetition taxes, were precluded from becoming liens upon their real estate during the pendency of that case because of the effect of the automatic stay of § 362:

> [A] petition filed under section 301 ... of this title ... operates as a stay, applicable to all entities, of—
>
> ....
>
> (4) any act to create, perfect, or enforce any lien against property of the estate.

11 U.S.C. § 362(a)(4).

There is considerable authority supporting the debtors' position that the automatic stay prevents the creation of a lien against property of the debtors for postpetition real estate taxes while the automatic stay is in effect. *See, e.g., Makoroff v. The City of Lockport, New York,* 916 F.2d 890 (3rd Cir.1990), and *Lincoln Savings Bank, FSB v. Suffolk County Treasurer (In re Parr Meadows Racing Assoc., Inc.),* 880 F.2d 1540 (2nd Cir.1989). There is also some case law to the contrary. *See, e.g., Maryland National Bank v. The Mayor & City Council of Baltimore (In re Maryland Glass Corp.),* 723 F.2d 1138 (4th Cir.1983). Here, however, the court need not determine the effect of the automatic stay upon the Miami County Treasurer's claim for taxes *during* the debtors' first chapter 13 case, because that case was dismissed on December 18, 1990, which resulted in the

---

1. The court has not been furnished with information regarding the treatment of the real estate taxes under the debtors' first chapter 13 case nor provided an explanation as to why the debtors did not pay the real estate taxes during the plan's administration.

termination of the automatic stay. 11 U.S.C. § 362(c). Once the case was dismissed, the debtors' real estate was no longer property of a bankruptcy estate, nor was there an automatic stay in effect. Although the creation of tax liens may have been prevented or held in abeyance by the automatic stay during the administration of the debtors' first chapter 13 case, upon termination of the automatic stay, the tax liens automatically came into existence upon the debtors' real property on December 18, 1990.[2] *Erie Hilton Joint Venture v. The Prudential Insurance Co. (In re Erie Hilton Joint Venture)*, 125 B.R. 140, 148 (Bankr.W.D.Pa.1991).

■ Debtors also maintain that creation of any tax liens after the dismissal of the first chapter 13 case occurred within ninety days of the filing of their second bankruptcy petition, and, therefore, are avoidable under § 547 of the Bankruptcy Code as a preferential transfer. However, not all transfers made within the ninety-day period preceding the filing of a bankruptcy petition are avoidable. In particular, § 547(c)(6) provides that the fixing of statutory liens are generally not avoidable as preferential transfers.[3] The Bankruptcy Code defines a "statutory lien" as a:

> lien arising solely by force of a statute on specified circumstances or conditions, ... but does not include a security interest or judicial lien....

11 U.S.C. § 101(53). "Tax liens are ... included in the definition of statutory lien." H.R.Rep. No. 595, 95th Cong., 1st Sess. 314 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 27 (1978). As a result, even if the county's claim for real estate taxes became effective as a lien during the ninety-day period preceding the debtors' second bankruptcy filing, § 547(c)(6) excepts the lien from avoidance as a preferential transfer.

It is therefore ORDERED that the debtors' objection to the claim of the Miami County Treasurer is DENIED. It is further ORDERED that the claim of the Mia-

mi County Treasurer is ALLOWED as a SECURED CLAIM in the amount of $5,598.67.

IT IS SO ORDERED.

---

2. Under Ohio law, "the lien of the state for taxes is paramount to all other liens...." *The Security Trust Co. v. Root*, 72 Ohio St. 535, 74 N.E. 1077 (1905).

3. An exception to this rule exists when a statutory lien is avoidable under § 545. That section is inapplicable to the present proceedings.